DECISION
{¶ 1} Defendant-appellant, Ronetta K. Sharpe ("appellant"), is appealing from a decision and entry of the trial court which overruled her "motion to void judgment pursuant to Rule 60(B) (4), (5) and (6)." She assigns a single error for our consideration:
 THE APPELLANT WAS DENIED HER FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN THE COURT DENIED HER MOTION TO VOID JUDGMENT THAT ASSERTED THAT HER *Page 2 
INDICTMENT LACKED THE REQUISITE MENS REA ELEMENT OF RECKLESSNESS, THUS THE COURT ABUSED IT'S DISCRETION.
 {¶ 2} Appellant was sentenced to a term of 20 years of incarceration following her pleas of guilty to aggravated burglary, aggravated robbery, kidnapping and felonious assault. The sentence was jointly recommended by the defense and prosecution. Her sentence was journalized via a judgment entry filed April 13, 2006.
 {¶ 3} In June 2006, she attempted to pursue a delayed appeal. Her motion for leave to file a delayed appeal was overruled in July 2006.
 {¶ 4} In April 2007, appellant filed a "petition to vacate or set aside judgment of conviction or sentence." The petition was denied because it was not timely filed and because it did not have sufficient supporting evidence had it been timely filed. The trial court's denial of the motion was journalized May 7, 2007.
 {¶ 5} In June 2008, appellant filed the motion now before us on appeal. The trial court overruled the motion because it was not filed in a timely manner and because the issues submitted had been placed before the court earlier.
 {¶ 6} Motions to vacate or void proceedings in criminal cases which are labeled as motions under Civ. R. 60(B) are consistently treated by the court as petitions for post-conviction relief. As petitions for post-conviction relief, they must be filed no later than 210 days after the time for filing a direct appeal has expired. See R.C. 2953.21(A)(2). Appellant filed her motion/petition well past the time allowed. The trial court correctly denied it. *Page 3 
 {¶ 7} The sole assignment of error is overruled. The judgment of the Franklin
County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and BROGAN, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.
 *Page 1